UNITED STATES v. MANI et al.

(District Court, D. South Dakota, N. D. April 30, 1912.)

No. 157.

1. JUDGMENT (§ 299*)—REVIEW IN SAME COURT—AUTHORITY OF COURT AFTER THE TERM.

Where the term at which a judgment or decree was rendered has ended without any steps having been taken to revise the same or set it aside, and no appeal or other means of review has been instituted within the time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

prescribed by law, the judgment or decree becomes an absolute finality, forever binding upon the parties and their privies, and the court is without power to change, revise, or grant other relief against it in the cause or proceedings in which it was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 583–586; Dec. Dig. § 299.*]

2. JUDGMENT (§ 460*)—RELIEF AGAINST IN EQUITY—GROUNDS—SUFFICIENCY OF BILL.

The United States filed an original bill in a District Court to set aside a decree entered by the same court at a previous term in a suit respecting Indian lands, to which complainant was made a party, and served with process as provided by statute. The bill alleged that an assistant district attorney was directed to enter appearance and file an answer, but did not do so because he was advised by the judge that he was of opinion the court was without jurisdiction, and would dismiss the suit. *Held*, that such allegations were not sufficient to show diligence on the part of complainant, nor a valid reason for not filing a pleading, nor did it entitle complainant to relief on the ground that the decree was entered by mistake, since the attention of the court was expressly called to the question of jurisdiction, and it was presumably considered and passed on.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879–891; Dec. Dig. § 460.*]

In Equity. Suit by the United States against Thomas Mani, John Mani, and John Ironboy. On demurrer to bill. Demurrer sustained.

Edward E. Wagner, U. S. Dist. Atty.

E. R. Winans, and R. D. Kittredge, for defendants.

ELLIOTT, District Judge. This is an action brought by the complainant to vacate and set aside a judgment and decree of this court, rendered by Honorable John E. Carland, then judge of this court, in an action brought by the defendants Thomas Mani and John Mani against the complainant and John Ironboy, under the provisions of Act Cong. Feb. 6, 1901, c. 217, 31 St. L. 760, wherein it is provided that all persons in whole or in part of Indian blood or descent, who claim to be entitled to an allotment of land under any act or grant, may commence and prosecute an action in the federal court, and have their claim thereto determined, and such determination by the court becomes effective when certified to the Secretary of the Interior, "as if said allotment had been allowed and approved by him."

It was alleged in the bill of complaint in the original action that the defendants were the heirs of one Wakagewin, a member of the Sisseton Wahpeton band of Indians, and, as such, were entitled to succeed her in a quarter section of land allotted to her before her death on that reservation. It was also alleged that the patent or patents thereto had been wrongfully and unlawfully refused by the Department of the Interior.

It is alleged in the bill of complaint in this action that a writ of chancery subpœna was duly served, and on the 4th day of April, 1910, an appearance was entered by the defendant John Ironboy, admitting the allegations of the bill of complaint, and thereafter, on the 5th day of April, 1910, a complaint of intervention was filed in said action by one John Smith, claiming to be entitled to an interest in said real

property, but the same was thereafter duly dismissed by order of this court. That the same was served upon the complainant is shown by the allegations of the bill of complaint filed herein, wherein it alleges:

"That * * * on the 8th day of March, 1910, a certified copy of said bill of complaint was deposited in the United States post office at Sioux Falls, S. D., in a registered envelope, directed to the Attorney General, Washington, D. C., and on the 18th day of said month a copy of said bill was served on the United States attorney for the district of South Dakota at Sioux Falls, in said district, pursuant to the act of Congress approved February 6, 1901 (31 St. L. 760)."

It is further alleged in the bill of complaint in this action, in substance:

"That while the former action was pending, and before the entry of decree therein, instructions were given by the Attorney General of the United States under date of June 22, 1910, to the United States attorney for the district of South Dakota, that appearance be entered on behalf of the United States, and that the claims of other contending heirs be brought to the attention of the court for consideration before the final determination of said cause; that the defense on behalf of the United States, for the purpose of bringing the claims of said alleged heirs to the attention of the court as aforesaid, was placed in the hands of John Holman, Esq., then assistant United States attorney for said district, and that, before the entry of the bill pro confesso against the United States, the decision of the United States Circuit Court for the District of Oregon, in the case of Bond v. United States, 181 Fed. 613, was rendered, and was by the said Holman called to the attention of the Honorable John E. Carland, then judge of this court, and he informed the said Holman that it would be unnecessary to enter a formal appearance on behalf of the United States in said action, in view of the decision in the case of Bond v. United States, and in view of the provisions of Act June 25, 1910, c. 431 [36 Stat. 855]; that he, Judge Carland, was of the opinion that said court was clearly without jurisdiction to entertain said case, and that he would raise the question of jurisdiction on his own motion and enter a dismissal of said bill."

The bill of complaint also alleges that judgment was entered declaring the defendants Mani the heirs of said deceased, and entitled to the lands in controversy.

The relief demanded in the bill of complaint is:

"That the findings of fact, conclusions of law, and decree of the court entered in said action be decreed to have been made and entered by accident and mistake, and that they be vacated and set aside and annulled, and that it be decreed that the court was without jurisdiction to hear and determine the issues tendered by the said bill of complaint in said suit."

[1] In considering the merits of the demurrer filed to the complaint herein, it may be conceded I think without controversy that courts generally, excepting some of the more limited, have jurisdiction to reverse their own judgments and decrees during the term at which they are rendered. In pursuance of such authority, they may, for fraud, mistake, or any irregularity that might seem to them to have affected either of the parties to the controversy injuriously, set aside their judgments and decrees and award a new trial or rehearing, and thus give opportunity for righting whatever wrong may have been done. After the term has ended, however, this authority of the courts ceases unless extended by statute, motion, or some appropriate procedure taken within the proper time. This rule applies as well to equity procedure as to proceedings at law, because in equity a bill

of review will lie within rules prescribed by law for evidence discovered after the decree has become final. All such proceedings, however, must be prosecuted in the same suit or action, and not by separate process and pleadings. The term being at an end, without any steps being taken to revise or set aside the court's final judgment or decree, and no appeal or other means of review having been instituted within the time afforded, such judgment or decree becomes an absolute finality, forever binding upon the parties and their privies, absolutely without power of change, revision, or relief in the cause or proceeding in which it is rendered. An independent suit will lie to annul or enjoin the execution of a judgment or decree in certain cases.

This is true if a party has been prevented from making his defense by fraud or deception practiced upon him by his adversary, such as keeping him away from the courtroom by misrepresentation or a false promise, or where the defendant never had knowledge of the suit, being kept in ignorance by the willful act of the plaintiff, or where an attorney, without authority, and fraudulently, assumes to represent a party and connives at the taking of a judgment against him, where the attorney sells out his client's interest to the other side, and to these well known instances may be added others, including the reasons assigned in the bill of complaint here, as "mistake and accident." U. S. v. Aakervik (D. C.) 180 Fed. 137, and cases therein cited.

[2] The liberal practice of the courts in granting new trials, orders vacating or opening their own judgments, orders setting aside judgments taken through mistake, inadvertence, surprise, or excusable neglect have considerably abridged the province of equity in giving relief by injunction. Upon all of these proceedings, pursuant to the provisions of statutes, and independently of statutes, it has been the practice of the courts from the earliest times on an application to open or set aside a judgment to require a showing by affidavit or otherwise, which must bring him within the terms of the statutes, and, of course, includes diligence upon his part; and, while this rule has its exception, to wit, that a judgment by default entered before the court has acquired jurisdiction in the case, may be set aside without such affidavit, I am satisfied from an examination of the bill of complaint in this case, and the record in the case that proceeded to judgment, that there is an entire absence of diligence on the part of this complainant, defendant in that case, and that a fair consideration by this court of the record in the case that proceeded to judgment, and of the complaint in this action, establishes the following facts: (1) There is an entire absence of a showing of diligence on the part of this complainant, defendant in the case that went to judgment. (2) There is no allegation in the pleadings in this case of such mistake or accident in the entry of judgment referred to in the complaint herein as constitutes a cause of action for the relief demanded in the bill of complaint herein.

Assuming all of the allegations of the complaint to be true, it constituted no excuse for the assistant United States attorney's failure

to file an answer or demurrer in said action, presenting complainant's defense, or raising the question of the court's jurisdiction. There is also an entire absence of diligence on the part of the complainant herein, defendant in that action, after the rendition of judgment and before the expiration of the time within which steps might have been taken by motion, to obtain relief from said judgment, or to perfect an appeal. The record of the case that went to judgment, together with the allegations of the bill of complaint herein, shows conclusively that Hon. John E. Carland, then judge of this court, had before him Act Cong. June 25, 1910, and it was then contended that said Act June, 1910, repealed Act Feb. 6, 1901, c. 217, 31 St. L. 760, as amended, and it was then claimed that such amendment took away the entire jurisdiction of this court with reference to the matters involved in said controversy, and therefore that this court had no jurisdiction to entertain the controversy involved in that action. It is further shown, by the allegations of the bill of complaint herein, that the court's attention was especially called to the act of 1910, and to a decision of a United States district judge, holding, in substance, as claimed by the complainants herein, and therefore it is to my mind very clear from this allegation in this bill of complaint that it was then the judgment of the court that this court had jurisdiction under the facts that were developed in that case, being the same as those alleged in the bill of complaint herein, as to the time of the death of the Indian woman, the fact that the action had been commenced, and was pending, before the passage of said law, and considering the constitutionality of the statute.

In my judgment, it appears upon the face of the bill of complaint herein that it was the deliberate intention of this court at that time to hold that it had jurisdiction, and under these findings this court will not entertain this suit for the purpose of reviewing that decision of this court. The complainant failed to avail itself of the well defined and recognized methods of reviewing or appealing from the action of said court, has failed to show either diligence or merit on its attempted statement of mistake and accident, but affirmatively shows that said judgment was not entered by accident or mistake, but was the court's deliberate construction of said statutes. I may add that this court, Hon. John E. Carland, judge thereof, having rendered a judgment according to his particular construction of these statutes, and at the time of the commencement of this action, after a writ of error therein was barred, if a higher court had given a different construction to these statutes in a different case, it has been held that equity would not interfere to open the judgment. Jones v. Watkins, 1 Stew. (Ala.) 81. And again, if the judgment is absolutely void for want of jurisdiction, it may be attacked by the parties in interest collaterally at any time.

It follows from the foregoing that judgment should be entered sustaining the demurrer filed herein; and it is so ordered.